# CHARLESTON.

E. M. SENTER, ADMR, v. J. ALBERT TOLER, *Trustee, et al.*

Submitted November 14, 1922. Decided November 28, 1922.

EXECUTORS AND ADMINISTRATORS—*Administrator Held Limited in Storage Expense of Personal Estate to Amount at Which Storage Offered by Creditors.*

An administrator should be allowed only reasonable expenses for caring for and storing the personal estate of his decedent, and, where, as in this case, it plainly appears that the administrator has contracted to pay $25.00 per month for a room in which to store decedent's law library and office furniture, when a good and suitable room was offered him at the instance of creditors having a lien thereon, at the rate of $8.00 per month, which he declined, he should be limited in his allowance for such expense to the rate at which he could have procured the room so offered him.

Appeal from Circuit Court, Wyoming County.

Suit by E. M. Senter, administrator of the personal estate

of James H. Gilmore, against J. Albert Toler, trustee, and others. From a decree for plaintiff, defendants appeal.

*Modified and affirmed.*

*J. Albert Toler,* for appellants.

*F. E. Shannon,* for appellee.

MILLER, JUDGE:

This appeal was obtained by the appellants J. Albert Toler, trustee, and E. G. Penn, Geo. E. Penn, L. G. Woods, Samuel B. Woods, M. S. Colomb, and N. G. Falconer, beneficiaries, a part of them in one deed of trust, and the remainder of them in another deed of trust, both executed by James H. Gilmore in his life time to one R. A. Keller, trustee, from a decree pronounced by the circuit court of Wyoming County on February 21, 1921, in a cause therein pending, wherein E. M. Senter, administrator of the personal estate of said Gilmore, was petitioner, and the present appellants were defendants.

The petition discloses that plaintiff was duly appointed and qualified as such administrator in 1918, by the county court of Wyoming County, and took charge of the personal estate of the decedent; that said estate consisted solely of the law library and office furniture of said decedent, which was at the time of his death covered by the two deeds of trust to said Keller, since deceased, and that in a suit afterwards begun and continued in said circuit court, wherein the said E. G. Penn and others were plaintiffs and the plaintiff herein was defendant, the said J. Albert Toler was substituted as trustee in said deeds of trust in place of the said Keller, trustee, deceased.

The petition constituting the pleading upon which the decree complained of was pronounced, does not disclose who were the parties to the original bill, but in the testimony of said Toler taken herein it is disclosed that said original suit was brought by and in behalf of E. G. Penn and others against the said petitioner E. M. Senter, administrator, and others, for the purpose of having a new trustee substituted in the room and stead of Keller, deceased, and to have the same enforced in

favor of the beneficiaries therein, to the amount of their debts,
then amounting to something over $7,000.00, and to have the
liens, if any, existing against said estate fixed and determined,
and to have the personal property belonging to the estate sold
and the proceeds applied to the payment of said indebted-
ness.   It is further shown by Toler's testimony that the only
appearance to said bill was by one of the defendants thereto,
namely, A. B. Shannon, one of the appellees to the present
appeal; and that the only defense interposed by him was by
way of demurrer to the bill; and that on May 20, 1919, the
court sustained said demurrer except as to the relief sought
in the appointment of a new trustee in said deeds of trust, in
place of said Keller.

The petition of said E. M. Senter, administrator, shows that
after the appointment of said trustee, he continued in posses-
sion of said trust property until shortly after the same was sold
by the trustee.   It is shown by Shannon in his evidence and
by Toler in his evidence that the rent accrued in favor of
appellee Shannon, owner of the building in which the same
was stored, calculated at $25.00 per month as agreed between
them, amounted to $725.00.   In addition to this sum the said
administrator showed by a report or statement filed that he
had also incurred an indebtedness for casket and other funeral
expenses, $215.00, for appraisement of the estate, $105.00,
for notice of sale, $20.50, for commissions, $69.00, and for
other expenses, $15.00, in all $1,149.50; and the prayer of said
petition was that he be paid and reimbursed these expenses
by said trustee.

The decree complained of denied petitioner all relief except
as to the $725.00, which sum the court decreed he should re-
cover from the said Toler, trustee, to be levied and collected
out of the funds in his hands arising from the sale of said
property under said trust deeds, which the record shows
amounted to the sum of $2,000.00, and as to all other items
in said account and all other relief prayed for, the said peti-
tion should be dismissed.

There is no cross-assignment of error by the appellee, and
the only error relied on by appellants is in decreeing to the

said Senter, administrator, and against the said Toler, trustee, the said sum of $725.00, to cover said item of rent, which had not in fact then been paid by him.

In the appellees' answer to said petition they say respecting the rent charged that the rate of $25.00 per month was exorbitant and that it should not have exceeded $5.00 per month. In his testimony taken in the cause Toler says that soon after the death of decedent and after his appointment as trustee and after his employment as attorney for the trust creditors, he called the attention of said administrator to the fact that he could procure a larger room in the court house suitable for storing said law books and office furniture at the rate of $8.00 per month, and urged him to avail himself of the proposal of the county court therefor, which he had procured to be made, but that said administrator declined the proposal, saying that he had made an equal or better arrangement with said Shannon to store the books and furniture in his building and in a store room on the first floor thereof. So that the sole question for consideration is whether said administrator was entitled to any decree against the trustee, and if so, whether on the facts disclosed he was entitled to the sum decreed him. Senter was not put upon the stand as a witness, and in no place did he deny the fact that the room in the court house was offered him at the price named by Toler. The decree rested solely upon the pleadings and the evidence of Shannon and others that the rate of $25.00 per month was a reasonable rent for the room in which the books and furniture had been stored.

In their first assignment of error appellants undertake to present the question whether or not it was necessary, under chapters 86 and 87 of the Code, that there should have been a suit to settle the decedent's estate, and in which the accounts of the administrator should have been settled, and to which all known creditors should have been made parties. Some such suit was in fact brought by appellants through Toler their attorney, but which, after the appointment of the new trustee, went out upon demurrer to the bill. We do not think that question can now be raised by appellants.

As all the personal estate of the decedent was covered by

deeds of trust created prior to his death, and in an amount far above the value of the property, it seems to have been conceded that these trust liens had preference and priority over all other debts of the decedent and also over the liability of the estate for funeral expenses, and this being so, there were no general assets upon which to administer. In *Morris* v. *Westerman,* 79 W. Va. 502, we said that the decree in that case rightly proceeded upon the theory that the preferences given by section 25 of chap. 85 of the Code, did not extend to or override liens acquired on the property of the deceased in his life time, by mortgage, deed of trust, judgment, execution or the like; that the statute gave no lien upon the property of a decedent, but simply declared the rights of creditors as to portions of the estate on which no liens exist. In *Wood* v. *Wood,* 5 Virginia Law Register, 395, Judge Allen, of the Corporation Court of Danville, construing the statute of Virginia, specifically giving such preference and priority to such specific liens, says that they are declaratory of the common law. Recognition of this rule and the right of a lien creditor will be found also in *Tennant* v. *Headlee,* 31 W. Va. 585. And as being applicable to real as well as personal property, see *McCandlish* v. *Keen,* 13 Gratt. 615. This seems to be the general rule. 24 C. J. 433, §1189 and cases cited in notes.

It seems to be conceded in this case that the trust estate was rightfully administered by the trustee in the deeds of trust; but it is claimed that the administrator in whose possession and control the goods remained until sold, should be allowed, not the sum decreed for rent expenses, but a reasonable sum. It is very well established by the evidence that the allowance of $25.00 per month was far in excess of such reasonable sum. The administrator was offered a suitable room in thee court house at the rate of $8,00 per month, and declined it. We think he should be limited in his recovery to that sum. Only reasonable expenses will be allowed an administrator. *Thompson* v. *Mann,* 65 W. Va. 648.

The decree will therefore be modified so as to limit the administrator's recovery to that amount, and as so modified it will be affirmed.          *Modified and affirmed.*