# CHARLESTON.

Tunis E. Poling, *Adm'r., etc., v.* Wilma Poling *et al.*
W. G. Keyes, *Trading, etc., Appellant*

(No. 6761)

Submitted November 18, 1930. Decided November 25, 1930.

*D. D. Stemple,* for appellant.

Woods, Judge:

This suit was instituted by an administrator for the purpose of subjecting real estate to sale in satisfaction of his decedent's indebtedness, there being no personal estate. The commissioner in chancery, pursuant to an order of reference, after listing the real estate, reported as the *first* lien in order of priority a judgment, duly recorded during the lifetime of his decedent, in favor of W. G. Keyes, trading, etc.; *second,* funeral expenses; *third,* claims of general creditors. Exceptions filed by those entitled to funeral expenses were sustained by the chancellor, and first and second items transposed. From such action the judgment lien creditor prosecutes this appeal.

By virtue of section 3, chapter 86 of the Code, all real estate of any person who dies intestate "shall be assets for the payment of the decedent's debts and all lawful demands against his estate, in the order in which the personal estate of a decedent is directed to be applied." And by section 11 of the same chapter it is provided: "This chapter shall not affect any lien, by judgment or otherwise, acquired in the lifetime of the decedent." In other words, the statute relating to disposition of personal estate (section 25, chapter 85, Code) must be read in connection with, and in subordination to the laws prevailing in the acquisition of liens. *Morris* v. *Westerman,* 79 W. Va. 502, 514, 515; *Senter* v. *Toler,* 92 W. Va. 437, 440; *Reeves* v. *Ross,* 62 W. Va. 7.

In the case of *Senter* v. *Toler, supra,* which held that an administrator should be allowed only reasonable expenses in caring for and storing the personal estate of his decedent, Judge Miller, speaking for the Court, said: "As all the personal estate of the decedent was covered by deeds of trust created prior to his death, and in an amount far above the value of the property, it seems to have been conceded that these

trust liens had preference and priority over all other debts of the decedent and also over the liability of the estate for funeral expenses, and this being so, there were no general assets upon which to administer. In *Morris* v. *Westerman,* 79 W. Va. 502, we said that the decree in that case rightly proceeded upon the theory that the preferences given by section 25 of chap. 85 of the Code, did not extend to or override liens acquired on the property of the deceased in his life time, by mortgage, deed of trust, judgment, execution or the like; that the statute gave no lien upon the property of a decedent, but simply declared the rights of creditors as to portions of the estate on which no liens exist. In *Wood* v. *Wood,* 5 Virginia Law Register, 395, Judge Allen, of the Corporation Court of Danville, construing the statute of Virginia, specifically giving such preference and priority to such specific liens, says that they are declaratory of the common law. Recognition of this rule and the right of a lien creditor will be found also in *Tennant* v. *Headlee,* 31 W. Va. 585. And as being applicable to real as well as personal property, see *McCandlish* v. *Keen,* 13 Gratt. 615. This seems to be the general rule. 24 C. J. 433, §1189.''

Every judgment for money rendered against any person immediately becomes a lien on all real estate of or to which such person shall be possessed or entitled, at or after the date of such judgment. Section 5, chapter 139, Code. And, by docketing the judgment the party obtaining the same is protected from sale to a purchaser for value without notice. Section 6, chapter 139 Code. The judgment of the appellant in the instant case must be reckoned with in the sale of the property. In the eyes of the law, there are no assets in the hands of the administrator as contemplated by section 25, chapter 85, Code, until the judgment lien is satisfied.

The action of the chancellor will therefore be reversed, and the cause remanded with directions to restore the report of the commissioner as to the order of priorities to its full force and vigor.

*Reversed and remanded.*